Welch, O. J.
As to the second and third objections to the proceeding in the Probate Court, it is enough to say that they do not go to the jurisdiction of the court, or render the proceeding void, whatever would have been their effect in a direct proceeding to reverse the order of sale.
The question presented by the first objection is, whether the order of sale made by the Probate Court is not void on the ground that the lots so ordered to be sold are not the lots described in the guardian’s petition, and that, therefore, the court acquired no jurisdiction over the lots sold. Had the pleader set forth in the answer all the material facts relating to the ward’s property, there would probably have been but little difficulty in deciding the question. If it be the fact that the wai’d really owned six lots in East Iron-ton, numbered 73, 74, 75,173, 174, and 175, and that they all “ descended to her from an ancestor,” the question presented would have been whether, upon application by the guardian to sell only a part of the ward’s estate, without any description of the ward’s other property, or any disclosure of the fact that the ward had other property, the court acquired jurisdiction over her entire estate. This question, however, we think does not arise in the present case. It seems to us that there is upon the face of this record of proceedings in the Probate Court, taken in connection with the answer setting it forth, sufficient to satisfy any one that the numbering of the lots in the petition of the guardian as 73, 74, and 75, instead of 173, 174, and 175, was a mere clerical mistake of the draughtsman. We come to this conclusion for several reasons: 1. The mistake is one easily fallen into; 2. The extreme improbability that the same person should own six lots happening thus *639 to vary exactly 100 in their numbers; 3. The statute requires the guardian to set forth in his petition a description of all the ward’s real estate, and until the contrary is •shown we must presume that in this respect the petition conformed to this requirement. The petition, therefore, should be viewed as asking for the sale of three lots situate in East Ironton, being lots which descended to the ward, and being all the real estate owned by her, and numbered 73, 74, and 75. Here is simply a case of a description, repugnant with itself, but containing sufficient within itself to enable the court to make the proper correction, by eliminating from it what was false, and supplying what was true, so as to malee it conform to the real intention of the parties. This we must presume the court did, and that it was done upon a proper showing, or proper knowledge of the subject-matter. We are satisfied that the lots really sought to be sold, and the lots so sold, are' identical, and that this mistake in the petition does not affect the jurisdiction of the court, or render the order of sale absolutely void.

Judgments reversed.

White, Rex, Gilmore, and McIlvaine, JJ., concurred.